NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ISRAEL HUMBERTO ARRASCUE PEDREROS,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 21-835<br><br>Agency No.<br>A201-603-016<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2023**

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Israel Humberto Arrascue Pedreros, a native and citizen of Peru, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his applications for

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

The agency did not abuse its discretion in determining that Arrascue Pedreros' 2020 conviction was a particularly serious crime that barred him from asylum and withholding of removal, where the agency considered the correct factors. *See Avendano-Hernandez*, 800 F.3d at 1077 ("Our review is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion." (internal quotation marks and alteration omitted)); *Anaya-Ortiz v. Holder*, 594 F.3d 673, 678 (9th Cir. 2010) ("[A]ll reliable information may be considered in making a particularly serious crime determination . . . ." (internal quotation marks omitted)). Thus, Arrascue Pedreros' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT deferral of removal because Arrascue Pedreros failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to

Peru. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

We do not consider the materials Arrascue Pedreros references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Arrascue Pedreros' contention that portions of the certified administrative record should be struck for lack of authentication is not properly before the court because he failed to raise the issue before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

The motion to strike (Docket Entry No. 22) is therefore denied.

**PETITION FOR REVIEW DENIED.**